UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MOSE TYRONE GILKEY  DOCKET NO. 14-CV-2401; SEC. P
(#12575-076)

VERSUS  JUDGE DRELL

USA  MAGISTRATE JUDGE KIRK

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 filed by pro se petitioner Mose Tyrone Gilkey. Petitioner is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner challenges his conviction in the United States District Court for the Western District of Tennessee.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Procedural History*

Petitioner was convicted on August 7, 2013, in the Western District of Tennessee, of several counts of possession of a firearm by a convicted felon. On December 10, 2013, he was sentenced to concurrent terms of three hundred months of imprisonment as to each count. [2:12-cr-20079; Doc. #71, 74] Prior to sentencing, Petitioner filed a "Motion to Dismiss for Lack of Territorial Jurisdiction" in the Western District of Tennessee [2:12-cr-20079;

Doc. #69], which is similar to his petition filed in this Court. It is unclear from the docket report in the Western District of Tennessee whether Petitioner's motion was considered. Petitioner appealed his conviction and sentence, but the appeal was dismissed for want of prosecution on February 28, 2014. [2:12-cr-20079; Doc. #82]

### *Law and Analysis*

Petitioner filed the captioned suit pursuant to §2241. A 2241 petition "is typically used to challenge the manner in which a sentence is executed." Reyes-Requena v. United States, 243 F.3d 893, 900 (5th Cir. 2001). Relief under 28 U.S.C. §2255, however, is the primary means for a federal prisoner to "collaterally attack the legality of his conviction or sentence," id. at 901, due to "errors that occurred at or prior to the sentencing," Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005). Petitioner seeks to collaterally attack the legality of his conviction based on alleged jurisdictional defects. He is not challenging the *manner* in which his sentence is being executed. Thus, Petitioner must seek relief under §2255.

A §2241 petition attacking the imposition of a federal sentence may be considered only where the petitioner establishes that §2255 is inadequate or ineffective to test the legality of his detention. See Padilla 416 F.3d at 426. This is a heavy burden, and courts find a remedy under section 2255 to be inadequate or

ineffective "only in extremely limited circumstances." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Petitioner has not alleged that §2255 is inadequate or ineffective, and he still has time within which to file a §2255 motion in the Western District of Tennessee.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED**, as he cannot show that Section 2255 is inadequate or ineffective for challenging his conviction in the Western District of Tennessee.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR

AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of September, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE